# NO. 12-09-00437-CR

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *JERMAINE ACEVEDO GILLIAM,*<br>*APPELLANT* | § | *APPEAL FROM THE 114TH* |
| *V.* | § | *JUDICIAL DISTRICT COURT OF* |
| *THE STATE OF TEXAS,*<br>*APPELLEE* | § | *SMITH COUNTY, TEXAS* |

### *MEMORANDUM OPINION*

Jermaine Acevedo Gilliam appeals his conviction for aggravated robbery. In his sole issue on appeal, Appellant argues that his trial counsel rendered ineffective assistance of counsel. We affirm.

### BACKGROUND

Appellant was charged by indictment with the offense of aggravated robbery, a first degree felony.[1] The indictment also alleged that Appellant used or exhibited a deadly weapon, an automobile, during the commission of the offense. Appellant entered an open plea of guilty to the offense charged in the indictment. Appellant and his counsel signed an agreed punishment recommendation, an acknowledgment of admonishments, a waiver of trial by jury, a waiver of confrontation, an agreement to stipulate testimony, and a written stipulation of evidence in which Appellant judicially confessed to the offense alleged in the indictment. He and his counsel also signed a waiver of motion for new trial and motion in arrest of judgment, and a waiver of the right to appeal.

The trial court accepted Appellant's plea, found that the evidence submitted substantiated Appellant's guilt, deferred further proceedings without entering an adjudication of guilt, and ordered that Appellant be placed on deferred adjudication community supervision for ten years.[2] The trial court also ordered that Appellant pay

---

[1] *See* TEX. PENAL CODE ANN. § 29.03 (a)(2), (b) (Vernon 2003).

[2] *See* TEX. CODE CRIM. PROC. ANN. art. 42.12, § 5(a) (Vernon Supp. 2010).

court costs and restitution. The State filed a first amended application to proceed to final adjudication, alleging that Appellant had violated the terms of his community supervision. At the hearing on the application, Appellant pleaded "true" to the allegations contained in the State's application. After testimony and argument, the trial court found it true that Appellant violated the terms of his community supervision as set forth in the State's application, revoked Appellant's community supervision, and proceeded to final adjudication. During Appellant's trial counsel's argument on punishment, he stated that the trial court could sentence Appellant to imprisonment or could place him on community supervision for a maximum of ten years. Later, trial counsel requested that the trial court sentence Appellant to ten years of community supervision. In response, the State argued that the evidence supported a deadly weapon finding and, as such, community supervision was not appropriate.

After hearing argument, the trial court adjudged Appellant guilty as charged of aggravated robbery and assessed his punishment at twenty-five years of imprisonment, plus court costs and restitution.[3] At the end of the hearing, the trial court made an affirmative finding of the use of a deadly weapon, an automobile. This appeal followed.

### INEFFECTIVE ASSISTANCE OF COUNSEL

In his sole issue on appeal, Appellant contends that his trial counsel rendered ineffective assistance of counsel because trial counsel requested a sentence that the trial court was not authorized by law to impose. The State disagrees.

**Standard of Review**

In reviewing an ineffective assistance of counsel claim, we follow the United States Supreme Court's two pronged test in *Strickland v. Washington*, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984). *Hernandez v. State*, 726 S.W.2d 53, 56-57 (Tex. Crim. App. 1986). Under the first prong of the *Strickland* test, an appellant must show that counsel's performance was "deficient." *Strickland*, 466 U.S. at 687, 104 S. Ct. at 2064; *Tong v. State*, 25 S.W.3d 707, 712 (Tex. Crim. App. 2000). "This requires showing that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *Strickland*, 466 U.S. at

---

[3] An individual adjudged guilty of a first degree felony shall be punished by imprisonment for life or for any term of not more than ninety-nine years or less than five years and, in addition, a fine not to exceed $10,000. TEX. PENAL CODE ANN. § 12.32 (Vernon Supp. 2010).

687, 104 S. Ct. at 2064. To be successful, an appellant must "show that counsel's representation fell below an objective standard of reasonableness." *Id.*, 466 U.S. at 688, 104 S. Ct. at 2064; *Tong*, 25 S.W.3d at 712.

Under the second prong, an appellant must show that the "deficient performance prejudiced the defense." *Strickland*, 466 U.S. at 687, 104 S. Ct. at 2064; *Tong*, 25 S.W.3d at 712. The appropriate standard for judging prejudice requires an appellant to "show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694, 104 S. Ct. at 2068; *Tong*, 25 S.W.3d at 712. A reasonable probability is a probability sufficient to undermine confidence in the outcome. *Strickland*, 466 U.S. at 694, 104 S. Ct. at 2068. The *Strickland* standard applies to ineffective assistance of counsel claims alleging a deficiency in attorney performance at noncapital sentencing proceedings. *Hernandez v. State*, 988 S.W.2d 770, 771 (Tex. Crim. App. 1999) (overruling *Ex parte Duffy*, 607 S.W.2d 507 (Tex. Crim. App. 1980)).

Review of a trial counsel's representation is highly deferential. *Tong*, 25 S.W.3d at 712. We indulge in a "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Strickland*, 466 U.S. at 689, 104 S. Ct. at 2065. It is the appellant's burden to overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy. *Id.*, 466 U.S. at 689, 104 S. Ct. at 2065; *Tong*, 25 S.W.3d at 712. Moreover, any allegation of ineffectiveness must be firmly founded in the record, and the record must affirmatively demonstrate the alleged ineffectiveness. *Thompson v. State*, 9 S.W.3d 808, 813 (Tex. Crim. App. 1999). Failure to make the required showing of either deficient performance or sufficient prejudice defeats the ineffectiveness claim. *Id.* Appellant must prove both prongs of the *Strickland* test by a preponderance of the evidence in order to prevail. *Tong*, 25 S.W.3d at 712.

**Applicable Law**

A person commits the offense of aggravated robbery if he commits robbery as defined in section 29.02, and he uses or exhibits a deadly weapon. TEX. PENAL CODE ANN. § 29.03(a)(1) (Vernon 2003). A trial court may not place a defendant on community supervision if he has been adjudged guilty of an offense under section 29.03 of the Texas Penal Code, i.e., aggravated robbery. *See* TEX. CODE CRIM. PROC. ANN. art. 42.12, §§ 3(a), 3g(a)(1)(F) (Vernon Supp. 2010).

## Analysis

Appellant argues that his trial counsel failed to provide effective representation because trial counsel requested a sentence that the trial court was not authorized by law to impose. After the trial court revoked Appellant's community supervision, but before he had been adjudicated guilty of aggravated robbery, trial counsel requested that Appellant again be placed on community supervision. However, Appellant asserts, the trial court was prohibited from assessing community supervision because he was ultimately adjudicated guilty of aggravated robbery. *See* TEX. CODE CRIM. PROC. ANN. art. 42.12, §§ 3(a), 3g(a)(1)(F).

It is Appellant's burden to overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy. *Strickland*, 466 U.S. at 689, 104 S. Ct. at 2065; *Tong*, 25 S.W.3d at 712. Moreover, any allegation of ineffectiveness must be firmly founded in the record, and the record must affirmatively demonstrate the alleged ineffectiveness. *Thompson*, 9 S.W.3d at 813. But Appellant did not file a motion for new trial and call his trial counsel as a witness to explain his reasoning. *See Bone v. State*, 77 S.W.3d 828, 836 (Tex. Crim. App. 2002) (stating that defense counsel should be given opportunity to explain actions before being condemned as unprofessional and incompetent); *see also Anderson v. State*, 193 S.W.3d 34, 39 (Tex. App.—Houston [1st Dist.] 2006, pet. ref'd) (holding that because appellant did not call his trial counsel during motion for new trial hearing to give reasons for failure to investigate or present mitigating evidence, record does not support ineffective assistance claim). Because the record does not show deficient performance, we conclude that Appellant has failed to meet the first prong of the *Strickland* test. *See Thompson*, 9 S.W.3d at 813.

Even if Appellant had met the first prong of the *Strickland* test, he has failed to show that, but for counsel's unprofessional errors, the result of the proceeding would have been different. *See Strickland*, 466 U.S. at 694, 104 S. Ct. at 2068; *Tong*, 25 S.W.3d at 712. Appellant did not argue in his brief how trial counsel's request that he be placed on community supervision caused him harm. Because Appellant failed to show that the result of the proceeding would have been different if his trial counsel had not requested community supervision, he has failed to meet the second prong of the *Strickland* test. *See Id.*, 466 U.S. at 694, 104 S. Ct. at 2068; *Tong*, 25 S.W.3d at 712.

4

Therefore, even if he had met the first prong of *Strickland*, he still could not prevail. Appellant's sole issue is overruled.

### DISPOSITION

The *judgment* of the trial court is *affirmed*.


                                               **JAMES T. WORTHEN**
                                                     Chief Justice

Opinion delivered November 30, 2010.
*Panel consisted of Worthen, C.J., Griffith, J., and Hoyle, J.*


(DO NOT PUBLISH)